IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NAKIA JERMAINE NELSON, #176121, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-529-MEF |
| ) | [WO] |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 3, 2014, seeking to challenge violations of his Eighth and Fourteenth Amendment rights stemming from alleged systemic deficiencies at the Ventress Correctional Facility. Upon initial review of the complaint, the court determined that Plaintiff should file an amended complaint and issued an order containing detailed instructions with respect to his filing of the amended complaint. *Order of June 23, 2014 - Doc. No. 6*. Specifically, the court advised Plaintiff that the complaint asserted claims which were conclusory in nature and that several of these claims provided no basis for relief. *Id*. at 1-3. The court also "advised [Plaintiff] that this case will proceed only against the defendants named and claims presented in the amended complaint" and cautioned Plaintiff that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed. *Id*. at 4 (emphasis in original). In an effort to aid Plaintiff in filing the necessary amended complaint, the court directed the

Clerk to provide Plaintiff "with a copy of the form used by prisoners to file complaints...." *Id*. The time allowed Plaintiff to file an amended complaint expired on July 11, 2014. As of the present date, Plaintiff has failed to file an amended complaint in compliance with the directives of the order entered on June 23, 2014.

In light of Plaintiff's failure to file the necessary amended complaint, the court concludes that this case should be dismissed without prejudice. *Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what her complaint should contain...." ); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as ordered by this court. It is further

ORDERED that on or before August 6, 2014 the plaintiff may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not

a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 23rd day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE